ROSE E. ARKFELD ET AL., APPELLEES, V. JOHN VOLK, APPELLANT, IMPLEADED WITH COUNTY OF MADISON, APPELLEE.

251 N. W. 2d 720

Filed March 23, 1977. No. 40603.

Mueting, DeLay & Spittler, for appellant.

Kirby, Duggan & McConnell, for appellees Arkfeld.

Daniel B. Flood, for appellee County of Madison.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and CANIGLIA and COADY, District Judges.

COADY, District Judge.

This is an action for an injunction involving the course of drainage of impounded surface waters. The trial court enjoined John Volk and the County of Madison from allowing such water to drain through a county road ditch and required defendants to restore an excavation. Defendant Volk appeals.

John Volk is a defendant and owner of a leasehold estate in the north one-half of the northwest quarter of Section 3, Township 23 North, Range 3 West of the

6th P.M., Madison County, Nebraska. At the east end of that property there is a natural depression so that after a heavy rain 8 to 10 acres will retain a foot of standing water. There is no natural drain except for seepage and evaporation. The standing water seeps into and runs through a tile drain to a point in a ditch under a bridge ½ mile away. The bridge is located on the county road which separates Sections 2 and 3 and is due east of the southeast corner of de-. fendant Volk's property. The tile system will drain the depression in a week. The plaintiffs do not complain about water drained through the tile or received in a diffused state.

The bill of exceptions indicates that plaintiffs own most of Section 2 except the south one-half of the southeast quarter. The pleadings indicate plaintiffs claim that their property in the south one-half and the east one-half of the northeast quarter are subject to damage. The north one-half and the south one-half of this section are separated by a manmade ditch which is 14 feet deep and 20 feet wide. This ditch was constructed prior to 1916 and runs from the west line of Section 2 straight east into Section 1 and Battle Creek. Nearly all the fields in this section are drained through tile systems into this large ditch. Prior to the construction of this ditch, the section was described as an impassable swamp.

Section 2 has a second manmade ditch beginning at the aforementioned county road bridge. This ditch runs easterly ¼ mile and then ¼ mile south to the half-mile line ditch. This east-south ditch was described as being 6 to 8 feet deep and 16 feet wide. The evidence indicates that these two ditches drain at least four sections, and maybe six, including all of Section 2. It is clear that these ditches do not drain Volk's impounded water except for those waters which are delivered by his tile system at the bridge site.

In 1973, Volk deepened a county road ditch for a

distance of 500 to 800 feet beginning at the northeast corner of his property in an easterly direction through a small or slight ridge. He increased the ditch' depth by 2 feet so that it is now a 4 or 5 foot cut. The evidence does show that Volk's water will travel or drain through the road ditch ½ mile to the northeast corner of Section 3, then turn right and run ¼ mile south through the road ditch to the bridge, where the water will join that deposited in plaintiffs' ditch by Volk's tile system.

Volk does not come under the protection of section 31-201, R. R. S. 1943, but any landowner may drain off his impounded waters so long as he does not damage or threaten others. Muff v. Mahloch Farms Co., Inc., 184 Neb. 286, 167 N. W. 2d 73; Nickerson Township v. Adams, 185 Neb. 31, 173 N. W. 2d 387. In a suit for an injunction, a failure to show damages, presently or in the future, operates to defeat an application for injunctive relief. A court of equity will not grant injunctive relief unless it be shown that an injury has been or will be suffered by the party seeking such relief. Muff v. Mahloch Farms Co., Inc., *supra.*

All the plaintiffs admit that no damages have been sustained as of the time of trial. In 1972, Volk had pumped his standing water over the ridge and into the road ditch without damage. Volk testified that there had been a 4½ inch rain on July 20, 1975, and that his water did not go as far as the northeast corner of Section 3. The witnesses testified, and a geological survey map substantiates, that Sections 2 and 3 are very flat. High water in Section 2 usually lasts 2 days. Volk's water will travel some distance and turn at right angles. There is no evidence that the trial judge made any personal inspection of the premises.

Plaintiffs' complaints concern a known volume of water, 10 acres times 1 foot, which is not substantial when compared to the waters their properties al-

ready suffer. There is wisdom in the national slogan, "Every litter bit hurts," but we would hardly advise substituting injunctions for other remedies against threatened violations of small scale. The likelihood of substantial damage added by reason of Volk's water traveling through the road ditch is insignificant.

The trial judge enjoined the defendants from diverting surface water onto plaintiffs' land by means of the roadside ditch and ordered defendants to restore the ditch elevation to the height of the ridge so that none of the subject water might escape. After closely reviewing the testimony of plaintiffs, we believe that they, and the trial judge, have concluded or anticipated that the County of Madison and John Volk, as well as Volk's immediate eastern neighbor whose land is bounded by the road ditch, will allow such ditch to deepen, alter its course, or become a roaring torrent. Believing that such conclusion or anticipation is unjustified, we reverse.

We acknowledge that the County of Madison did not appeal the decision of the trial court and ordinarily would be required to fill the ditch. Because such compliance would defeat defendant John Volk's appeal and our findings herein, we find that plaintiffs should be enjoined from filing any action or making any claim against Madison County which is grounded upon the failure of said county to comply with the aforementioned order and judgment of the District Court.

The judgment is reversed and the cause is remanded to the District Court for entry of a decree modified in accordance with this opinion. Costs are taxed to the appellees Rose E. Arkfeld, E. F. Bierman, and Robert F. Tiedgen and Mary J. Tiedgen, husband and wife.

REVERSED AND REMANDED WITH DIRECTIONS.