REQUESTED BY: Daniel E. Bryan, Fillmore County Attorney, P.O. Box 311, Geneva, Nebraska, 68361.
1. Can an adjacent landowner clear silt out of a county road ditch without permission of the county?
2. Can a landowner dig a ditch from his property into the adjacent county road ditch allowing water that normally would not flow into the road ditch to change direction and flow into the road ditch when there is no apparent damage to the county road or ditch area?
3. Is a county road ditch through a lapse of time considered a natural watercourse?
1. Yes.
2. Yes.
3. No.
There appears to be no law prohibiting an adjacent landowner from cleaning out silt deposited in an adjacent county road ditch. Therefore, the conclusion follows that an adjacent landowner may clear silt from a county road ditch without the prior permission of the county.
The common law in Nebraska regarding surface waters and drainage is reaffirmed in Nielson v. Chappelear, 175 Neb. 381,121 N.W.2d 809 (1963), when commencing at page 385, the court quotes from Nichol v. Yocum, 173 Neb. 298,113 N.W.2d 195 (1962), and states:
 "Diffused surface waters which ordinarily result from rainfall and melting snow and having no permanent source of supply or regular course, may be dammed, diverted, or otherwise repelled by an adjoining landowner without liability, if it is necessary and done without negligence. * * *
 "When surface waters concentrate and gather in volume, so as to lose their character as diffused surface waters and flow into a natural depression, draw, swale, or other natural drainway, the flow may not be arrested or interfered with to the injury of neighboring proprietors.
 "The owner of land is the owner of surface waters which fall, arise, or flow upon it, and he may retain them for his own use without liability. He may also change their course on his own land by ditch or embankment, but he may not divert them upon the land of others except in depressions, draws, swales, or other drainways through which such waters were wont to flow in a state of nature.
 "While the flow of surface waters in a natural depression, draw, swale or other natural drainway may be temporary and occasional, the course which they uniformly take is the controlling factor."
An adjacent landowner may dig ditches for draining as he likes upon his own land, but when he drains from his land onto adjacent land, care must be exercised to drain into a watercourse so as to allow the waters to flow as they wont in a state of nature. The adjacent landowner is liable for damages caused by his negligence in draining from his land into the county road ditch, but since there is no damage to either the road or road ditch, the drainage seems at this point to be unobjectionable.
Finding no injury, the county is without a basis for enjoining the adjacent landowner from draining waters into the road ditch contrary to the direction they wont to flow in a state of nature, but a third party further down the road ditch who is damaged by such drainage would have a actionable remedy against the said adjacent landowner.
In Arkfeld v. Volk, 198 Neb. 77, 251 N.W.2d 720
(1977) involving the course of drainage of impounded surface waters, the court held injunctive relief does not lie unless it is shown that an injury has been or will be suffered by the party seeking relief.
Although a county road ditch through the lapse of time does not become a natural watercourse, if it follows the general watercourse of nature it may be treated and considered as if a natural watercourse. In the case of Paasch v.Brown, 190 Neb. 421, 208 N.W.2d 695 (1973), the court called a man-made ditch `the equivalent of a natural drainage channel'. It appears not so much the lapse of time, but rather the direction and course of the drainage which renders a ditch or artificial watercourse the equivalent of a natural drain or watercourse.
Very truly yours, PAUL L. DOUGLAS Attorney General Dale L. Babcock, Jr. Assistant Attorney General Approved:Paul L. Douglas
Attorney General